UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(ORLANDO DIVISION)

FELIX BENITEZ,                              )
TRENTON CAMPBELL,                           )
CARL CHANTIGIAN,                            )
GEOFFREY CORAH,                             )
BRYAN DAVIS,                                )
JEFFREY DAY,                                )
CURTIS ELSIS,                               )
RICHARD GLOVER,                             )
DAVID HARRIS,                               )
HARVEY JONES, JR.,                          )        No. _____
MICHAEL JORDAN,                             )
RICHARD LAMM,                               )        Demand for a Jury Trial
WILLIAM LEMIEUX,                            )
WALTER LEWIS,                               )
CREED MCCLELLAND,                           )
JOSEPH MCCLUAN,                             )
JUANITA MCDONALD,                           )
AARON PIELIN,                               )
DEREK SCHAUMANN,                            )
MICHAEL STALLINGS,                          )
SCOTT SUEHLE,                               )
JOSEPH TARDUNGO,                            )
JEFF WHITE,                                 )
DANNY WILSON, individually and             )
on behalf of themselves and all others      )
similarly situated,                         )
                                            )
        Plaintiffs,                         )
v.                                          )
                                            )
CITY OF ORLANDO, FLORIDA,                   )
                                            )
        Defendant.                          )
_____

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, on behalf of themselves and all others similarly situated, file this action pursuant to 29 U.S.C. § 216(b) for violations of the Fair Labor Standards Act ("FLSA") committed by the Defendant, City of Orlando.

## PARTIES

1.      Plaintiffs are current or former employees of Defendant, the City of Orlando, Florida ("Defendant" or "City"), who bring this action pursuant to the FLSA, on behalf of themselves (and other individuals who opt into this action) because of Defendant's unlawful deprivation of Plaintiffs' rights to overtime compensation.

2.      Defendant is a municipality organized under the laws of the State of Florida, with its principal place of business located at 400 South Orange Avenue, Orlando, Florida 32801.  Defendant is a "public agency" and an "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(x) and 203(d).

3.      Defendant operates the Orlando Fire Department ("OFD"), which is the City department responsible for providing fire suppression and first response emergency medical services in the City of Orlando.

4.      At all times material herein, Defendant employed Plaintiffs, and all similarly situated individuals, in the position of "shift District Chief" (hereinafter "District Chief").  The exact dates of Plaintiffs', and similarly situated employees',

employment is in the custody and control of the Defendant, and Defendant has knowledge of the dates on which each of the Plaintiffs, and similarly situated employees, has been a District Chief during the relevant period of this dispute.

5.     Plaintiffs bring this action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and all other relief available under the FLSA.

6.     The individuals who are identified in the caption of the Complaint have given their written consent to be Party-Plaintiffs in this action, pursuant to 29 U.S.C. § 216(b).  Their written consents are attached hereto as Exhibit A.

7.     At all times material herein, Plaintiffs have been "employees" within meaning of the FLSA. 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) in that Plaintiffs' claims arise under the laws of the United States and Plaintiffs seek redress for violations of federal laws.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, as Defendant is located within the Middle District of Florida and a substantial part of the events and omissions giving rise to this action occurred within the Middle District of Florida.

## COLLECTIVE ACTION ALLEGATIONS

### <u>Background</u>

10.     Plaintiffs, and all others similarly situated, work or have worked for Defendant in the position of District Chief.

11.     The District Chiefs are represented by the Orlando Professional Fire Fighters, Local 1365, International Association of Firefighters ("Union" or "Local 1365").

12.     The City and Local 1365 are parties to a collective bargaining agreement, with effective dates of October 1, 2022 through September 30, 2025 ("CBA").

13.     The CBA covers "all full-time employees of the City of Orlando Fire Department in the classification of shift District Chief and excluding Fire Chief, Deputy Chiefs, Assistant Chiefs, District Chief – EMS, District Chief – Special Investigation Services Bureau, and all other City employees."

14.     Pursuant to the CBA, District Chiefs are paid a yearly amount depending on their grade level.

15.     However, the CBA states that District Chiefs' bi-weekly pay is calculated based on an hourly rate that is determined by "dividing the applicable salary by 2,080 for employees assigned to a forty (40) hour schedule and by 2,496 for those employees assigned to a forty-eight (48) hour schedule."

16.     As such, upon information and belief, District Chiefs are paid on an hourly basis for the number of hours they actually work per week rather than on a salary basis.

17.     The CBA establishes the work schedule for combat and non-combat District Chiefs. For combat members, the workday shall be "twenty-four (24) hours starting at a time between 6:00 a.m. – 8:00 a.m. The workweek shall be scheduled with twenty-four (24) continuous hours on duty followed by forty-eight (48) continuous hours off duty with a Kelly Day (twenty-four (24) hours off duty) scheduled every eighth (8th) shift. Combat members shall be entitled to two (2) additional Kelly Days to be picked annually … thereby effectively reducing the workweek to forty-eight (48) hours per week for payroll purposes."

18.     For non-combat District Chiefs, the hours of work are typically "forty (40) hours, Monday through Friday, with a one (1) hour unpaid daily lunch period. Length of shift and number of days may vary with assignment."

19.     In addition to the District Chiefs' regularly scheduled hours, both combat and non-combat District Chiefs regularly work additional unscheduled combat shifts, which results in District Chiefs working more than 40 hours in a week, or in excess of 53 hours per week.

20.     The District Chief's CBA does not reference overtime because the City unlawfully classifies District Chiefs as exempt employees under the FLSA.

21.    The exact hours worked by Plaintiffs and the exact workweeks in which Plaintiffs worked over 40 hours in a week or over 53 hours in a week can easily be determined by reviewing Defendant's timekeeping and payroll records, which are in the possession, custody, and control of Defendant.

**Plaintiffs' Primary Duty is that of a First Responder**

22.    Within the last three years, and continuing to date, while working as a District Chief on combat shift, Plaintiffs' primary job duties have been and remain, to respond to and protect and serve the public by engaging in fire suppression, emergency response, and related non-exempt activities.

23.    District Chiefs are required to, and have little to no discretion regarding whether to, respond to nearly all emergency calls. Specifically, District Chiefs are automatically dispatched to all fire calls, as well as any event that requires a multi-unit response. In total, District Chiefs are automatically dispatched to approximately 85% of all calls.

24.    When these calls come in, they take precedence over all other duties or obligations the District Chiefs may have at the time, including any administrative or managerial responsibilities. The District Chiefs cannot make themselves unavailable for dispatch. If a call comes in, District Chiefs must respond.

25. While on the scene of fire calls, Plaintiffs, and all others similarly situated, regularly work alongside the crew, engage in the control, suppression and extinguishing of fires, and the rescue of fire and accident victims.

26. The Department has Standard Operating Procedures ("SOPs") for fire suppression personnel, including District Chiefs, that set forth the duties and responsibilities of District Chiefs when responding to various incidents. These SOPs support that the District Chiefs' primary duty is that of a first responder.

27. For example, the SOPs state that the second arriving District Chief at all incidents will be assigned as the Incident Safety Officer by Command. In this role, District Chiefs are responsible for determining whether there are any safety issues at the fire scene (*i.e.*, gas levels, the structural integrity of the fire scene, etc.)

28. Additionally, the Command Procedures state that where second alarm units are being committed, the Assistant Chief is to assume command from the District Chief, and the District Chief is normally utilized in the following manner:

> a. Where an offensive attack is being mounted in a single-story structure, the District Chief will become "Interior Division."
>
> b. In a high-rise fire, the District Chief will become the "Attack Group" or "Fire Floor Division."

      c.  In a defensive operation, the District Chief will be used to the best advantage by Command.

29.    When District Chiefs act as the Incident Commanders, they are typically positioned in or near the fireground, not in their vehicle away from the incident.

30.    District Chiefs are also required to wear the same protective gear as other frontline fire fighters, even when operating as Incident Commander. The Safety Procedures SOP specifically states that "all personnel (including Command personnel) crossing the fireground perimeter shall wear full protective gear to include: boots, bunker coat, Nomex hood, helmet, gloves and SCBA."

31.    District Chiefs are required to participate in and complete all training and physical fitness programs as frontline firefighters, such as pulling hose, repelling, and conducting searches.

32.    District Chiefs are also required to carry their own automated external defibrillator ("AED") and other medical and fire equipment in their vehicles. If a District Chief is the first to arrive on the scene of an emergency or fire call, they have a duty to act and administer care.

### Plaintiffs' Limited Administrative and Managerial Role

33.    District Chiefs do not have the authority to hire, fire, or transfer employees.

34.     District Chiefs do not control the type of training new employees receive.

35.     District Chiefs do not provide performance reviews or advancement recommendations.

36.     District Chiefs have no independent authority to issue discipline.

37.     District Chiefs do not control budgeting, promotions, or rates of pay.

**<u>Defendant's Failure to Pay Overtime</u>**

38.     Defendant misclassifies Plaintiffs as "exempt" employees under 29 C.F.R. § 541.3 and unlawfully fails to pay Plaintiffs overtime compensation at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a week, or in excess of 53 hours in a workweek.

39.     Instead, Defendant either compensates Plaintiffs for only their regularly scheduled hours or pays District Chiefs straight time hours for additional hours worked, including those in excess of 40 hours per week or in excess of 53 hours per week.

40.     Defendant, at all times material herein, has intentionally failed and continues to fail to pay Plaintiffs overtime compensation at the rate of one and one-half times their regular rate of pay when it suffers or permits certain Plaintiffs to work in excess of 40 hours per week, or in excess of 53 hours in a week.

41.    Defendant's actions in refusing to provide District Chiefs the rights and protections provided under the FLSA are willful in that the Defendant knew or should have known that uncompensated overtime work was being performed by Plaintiffs and all others similarly situated, due to Defendant's established policies and procedures, work schedule, and observation of Plaintiffs.

<u>COUNT I</u>
**Violations of Section 207(a) of the FLSA**

42.    Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 41, as if fully set forth herein.

43.    Plaintiffs are bringing these claims on behalf of themselves and those similarly situated in which overtime payments under the FLSA are assessed under a 40-hour workweek standard.

44.    During the times that Plaintiffs, and those similarly situated, have worked in excess of 40 hours in a workweek, Defendant has failed, and continues to fail, to provide Plaintiffs the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

45.    By failing to pay the Plaintiffs, and similarly situated individuals overtime pay as required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and

in bad faith. As a result, at all times material herein, Plaintiffs, and those similarly situated individuals, have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

46.     As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs, and others similarly situated, an amount that has not yet been precisely determined. The employment and work records for Plaintiffs, and others similarly situated, (including time and attendance records) are in the exclusive possession, custody and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owed to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs, and others similarly situated, from which the amount of Defendant's liability can be ascertained.

47.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs, and others similarly situated, are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

48.     Plaintiffs and others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

<u>COUNT II</u>
**Violations of Section 207(k) of the FLSA**

49.     Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 41, as if fully set forth herein.

50.     Plaintiffs are bringing these claims on behalf of themselves and those similarly situated in which overtime payments under the FLSA are assessed under the FLSA's Section 7(k) exemption.

51.     Under the U.S. Department of Labor's regulations applicable to fire fighters covered under 29 U.S.C. § 207(k), (29 C.F.R. § 553.230), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 53 hours in a 7-day work period or in excess of 212 hours in a maximum 28-day work period (or in excess of a proportionate number of hours for work periods between 7 and 28 days).

52.     Here, upon information and belief, the Defendant has adopted a 7-day work period for other frontline fire fighters. Thus, Section 7(k) of the FLSA requires Defendant to pay one and one-half times their regular rate of pay to all employees who work hours in excess of 53 hours in a 7-day period.

53.     When Plaintiffs and others similarly situated have worked in excess of 53 hours in a 7-day period, Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of

one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. § 553.230.

54.   By failing to pay the Plaintiffs and others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and those similarly situated have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

55.   As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs and others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and other various statutory and regulatory provision, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

13

56.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs and others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

57.     Plaintiffs and others similarly situated are entitled to recover attorney's fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all Plaintiffs hereby demand that their claims be tried before a jury.

## REQUESTS FOR RELIEF

Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, request the following relief from this Court:

(a)     Enter judgment declaring that Defendant has willfully and wrongfully violated its statutory obligations under federal law and deprived each of the Plaintiffs of their rights;

(b)     Enter judgement declaring Plaintiffs are not exempt employees under the FLSA;

(c)     Order a complete and accurate accounting of all the unpaid compensation to which the Plaintiffs are entitled;

(d)     Award Plaintiffs compensatory relief in the form of unpaid compensation and liquidated damages to their unpaid compensation;

14

(e)     Award Plaintiffs interest on their unpaid compensation;

(f)     Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(g)     Award such other relief to which Plaintiffs are entitled and/or which this Court deems necessary and proper.

Respectfully submitted,


s/ Heidi B. Parker
Heidi B. Parker
FL Bar No. 1008110
Richard Siwica
FL Bar No. 377341
EGAN, LEV & SIWICA, P.A.
231 East Colonial Drive
Post Office Box 2231
Orlando, FL 32802-2231
rsiwica@eganlev.com
hparker@eganlev.com
*Attorneys for Plaintiffs*

Lauren P. McDermott
(*Motion for Special Admission to Follow*)
Sammy Y. Sugiura
(*Motion for Special Admission to Follow*)
MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.
1920 L Street, NW, STE 400
Washington, DC 20036
lmcdermott@mooneygreen.com
ssugiura@mooneygreen.com
*Attorneys for Plaintiffs*

15